UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-130 (RBW) |
| THREE SUMS TOTALING $612,168.23 IN SEIZED UNITED STATES CURRENCY, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next sixty days, absent extraordinary circumstances, the Court will grant the government's motion to strike and motion for default judgment. Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion to Strike and Response in Opposition to Motion to Dismiss, ECF No. 18, is **GRANTED**. It is further

**ORDERED** that the Claimants AJC Trading FZC, SRG Industries (Ghana) Ltd., and Ramani Distribution Company, Ltd.'s Motion to Dismiss the Verified Complaint for Forfeiture In Rem, ECF No. 14, and the putative claimants' appearance in this case are **STRICKEN**. It is further

**ORDERED** that the Plaintiff's Motion for Entry of Default Judgment and Order of Forfeiture, ECF No. 12, is **GRANTED**. It is further

**ORDERED** that this Order is not a final Order subject to appeal.[1]

---

[1] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is not a "final decision" as that term is used in 28 U.S.C. § 1291 (2018). See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev., 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain

**SO ORDERED** this 31st day of March, 2021.

REGGIE B. WALTON<br>
United States District Judge

---

exceptions not relevant here) only from 'final decisions.'"); id. at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word"). Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a Memorandum Opinion that explains the Court's rationale in appropriate detail.  With only non-substantive tasks (e.g., reviewing citations to ensure conformity with the Bluebook) remaining before the Memorandum Opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter.  See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").